UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

YEHUODAH TZIYON KEISH,

                     Petitioner,                    **MEMORANDUM & ORDER**
                                                                         17-CV-7567 (MKB)

                        v.

PEOPLE OF NEW YORK, SUPERINTENDENT
OF RIKERS ISLAND JAIL, and JUDGE MILLER,

                     Respondents.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Yehuodah Tziyon Keish, proceeding *pro se*[1] and currently incarcerated at Mid-Hudson Forensic Psychiatric Center, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 26, 2017, and filed an amended petition on April 18, 2018, challenging the bail determination of the state court judge in his state criminal proceeding. (Pet., Docket Entry No. 1; Am. Pet., Docket Entry No. 11.) Petitioner moves to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP Mots., Docket Entry Nos. 5, 8.) Petitioner also filed a writ of mandamus, (Writ of Mandamus, Docket Entry No. 7), and a motion

---

      [1] Petitioner states that he is a lawyer, has "duly practiced in the State of New Jersey and New York from law as handed down from the State of California," (Am. Pet. 15, Docket Entry No. 11), and has studied at "Yale Law, Harvard Law, Columbia Law, Princeton Law, Rutgers Law and Georgetown University Law," (*id.* at 16). Based on a search of online attorney databases, Plaintiff does not appear to be admitted to practice law in New York, New Jersey or California. Therefore, "there is no reason to distinguish [him] from *pro se* plaintiffs generally." *Smith v. New York Presbyterian Hosp.*, 254 F. App'x 68, 70 (2d Cir. 2007).

for appointment of counsel, (Mot. for Appointment of Counsel, Docket Entry No. 9).[2] For the reasons discussed below, the Court transfers Petitioner's application for writ of habeas corpus to the Southern District of New York.

I. Background

Petitioner challenges his detention as unlawful. (Am. Pet. 1.) He asserts that Judge Miller of the New York State Supreme Court, Kings County, Criminal Term, inappropriately remanded him for a "p[sych]ological evaluation" after he was released on his own recognizance. (Writ of Mandamus 3.) Petitioner asserts that Judge Miller remanded him "because he refused to accept [three] years probation" and, because the district attorney "cannot convict him at trial," and the "judge feels petitioner is getting away with murder and is really holding petitioner because he's on terrorist watchlist and accused of being a spy for Iran (a foreign power)." (*Id.*) (internal quotation marks omitted). Petitioner seeks "a peremptory authorization to impose bail or release [him] back out in society for release on own recognizance (ROR)," (*id.* at 2), his release from "the warden,"[3] dismissal of the indictment against him by the Kings County District Attorney's Office, and fifty-one thousand dollars from the "NY State Treasure's Office [sic] and combinely [sic] from NYC Comptroller's Office," (*id.* at 8). Petitioner also requests immediate release, vacatur of his civil commitment, and payment of three million dollars from "Chief United States District Judge Colleen McMahon, the United States Treasurer's Office, the New

---

[2] Because the pages of the Motion for Appointment of Counsel and the Writ of Mandamus are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

[3] At the time Petitioner filed his application for writ of mandamus, he was housed at the Anna M. Kross Center on Rikers Island, New York, which facility has a warden. As of the date of this order, Petitioner is housed at Mid-Hudson Forensic Psychiatric Center. (Notice of Change of Address, Docket Entry No. 12.)

York State Comptroller's Office and the New York City Comptroller's Office." (Am. Pet. 1.)

Petitioner seeks appointment of counsel because he has "no money to hire an attorney" and attorneys do not want to "represent prisoner[] cases" because they are "too complex, time consuming, complicated and financially overburdensome." (Mot. for Appointment of Counsel 1–2.)

**II. Discussion**

Under 28 U.S.C. § 2241, federal courts are permitted to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). For a prisoner in state custody, in the absence of a state court judgment, the proper vehicle for challenging one's detention is section 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 485 (1973) (state prisoner sought "an order . . . directing respondent to afford him an immediate trial on a then three-year-old Kentucky indictment"); *Hoffler v. Bezio*, 726 F.3d 144, 146 (2d Cir. 2013) (state prisoner brought section 2241 to prevent New York from retrying him on murder charges citing double jeopardy concerns); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 293 (2d Cir. 1976) (state prisoner challenged her indictment on speedy trial grounds claiming that the state failed to prosecute her five years after her indictment).

3

A petition brought pursuant to 28 U.S.C. § 2241 must be filed in the district court where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a) (providing federal courts with power to grant a writ of habeas corpus only "within their respective jurisdictions."). This requirement is jurisdictional. *Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Boone v. Menifee*, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005) (finding that the petitioner must name his warden as respondent and file the petition in the district of confinement), *report and recommendation adopted*, No. 03-CV-2593, 2005 WL 2234031 (S.D.N.Y. Sept. 13, 2005).

Petitioner was detained on Rikers Island at the time he filed his petition, which is located in the Southern District of New York. *See Brooks v. Strack*, No. 98-CV-6528, 1999 WL 672949, at *4–5 (E.D.N.Y. Aug. 25, 1999) (collecting cases finding that Rikers Island is located within the Southern District of New York); *Foy v. Johnson*, No. 90-CV-2646, 1990 WL 127681, at *2 (E.D.N.Y. Aug. 3, 1990) (same).[4] This Court therefore lacks jurisdiction to adjudicate the claim under 28 U.S.C. § 2241.

In the interest of justice, the Court transfers this action to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 2241(d) ("The district court . . . in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.").

---

[4] Petitioner is currently detained at a facility in Orange County, New York, which is also within the jurisdiction of the Southern District of New York. *See* 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District.").

### III. Conclusion

Accordingly, the Court directs the Clerk of Court to transfer this case to the Southern District of New York. 28 U.S.C. § 2241(d). The Court offers no opinion on the merits of the action and declines to decide Plaintiff's pending IFP application, motion for appointment of counsel, or request for a writ of mandamus. The Court waives the provision of Local Rule 83.1, which requires a seven day stay. No summons shall issue from this Court. The Clerk of Court is directed to close this case.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 12, 2018
      Brooklyn, New York